UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GERALD A. WEST, | ) | CASE NO. 1:10 CV 1085 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Gerald A. West's above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The petition is filed against respondent United States of America. Mr. West alleges he is "actually innocent" of his conviction for bank fraud.

*Background*

Mr. West was found guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). See United States v. West, No. 5:03cr0330 (N.D. Ohio 2003)(Polster, J.) This court imposed a 146 month sentence on August 23, 2004. Petitioner timely appealed his sentence to the

Sixth Circuit, which affirmed his conviction on February 16, 2006, and a mandate was issued on March 14, 2006.

On May 11, 2009, petitioner filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.  West v. United States, No.5:09CV01077 (N.D. Ohio May 11, 2009). The motion was denied the following day as time-barred.

In his petition before this court, Mr. West argues the government failed to prove one element of the four elements required to establish Armed Bank Robbery in violation of 18 U.S.C. 2113(a) and (b).  That is, that the deposits of the bank are insured by the Federal Deposit Insurance Corporation (F.D.I.C.)  During trial, one witness, William Hoover, was called to provide testimony as to the authenticity of the FDIC status of First Merit Bank.  An FDIC plaque was used to corroborate the bank's status.   Mr. West claims he has since learned that the certification for the plaque presented at trial belonged to the First Merit Bank in Akron, Ohio, not the First Merit Bank " the Petitioner allegedly robbed [, which] is located in Macedonia."  (Pet. at 7.)  It is on this basis he claims he is 'innocent' of the crime for which he was convicted.

*Lack of Personal Jurisdiction*

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained."  28 U.S.C. § 2243; see Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. Braden, 410 U.S. at 495. Moreover, it is "perfectly proper for a court to resolve personal jurisdiction ... without having first determined subject matter jurisdiction." Galvan v. Fed. Prison

Indus., Inc., 199 F.3d 461, 463 (D.C.Cir.1999) (citing Ruhrgas A.G. v. Marathon Oil Co., 526 U.S. 574 (1999)); see also Campbell v. Clinton, 203 F.3d 19, 28 (D.C. Cir.2000) (Randolph, J., concurring) (noting that "[w]hile we may be required to decide jurisdictional issues before disposing of a case on the merits, we are not required to decide jurisdictional questions in any particular order").

To evaluate personal jurisdiction, the petitioner's custodian court must first be identified and then determine whether the court has personal jurisdiction over that individual. The Sixth Circuit has joined several other courts of appeals in holding that a prisoner's proper custodian for purposes of habeas review is the warden of the facility where he is being held. See Roman v. Ashcroft, 340 F.3d 314, 319 (6th Cir. 2004)(as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). The warden is the proper custodian because he has day-to-day control over the petitioner and is able to produce the latter before the habeas court. Blango v. Thornburgh, 942 F.2d 1487, 1492 n. (10th Cir.1991). However, even if Mr. West properly named USP Lewisburg Warden Troy Williamson in this petition, the warden is clearly without authority to grant petitioner's requested relief.

*28 U.S.C. § 1631*
*Transfer in the Interest of Justice*

Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which mandates the transfer of such an action "*if* the transfer is in the interest of justice." See Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir.2003) (§ 1631 allows transfers of habeas petitions)(emphasis added). A court may decide to dismiss an action rather than transferring it under § 1631 either because (1) no permissible

-3-

federal court would have jurisdiction over the action, or because (2) "transfer would not be in the interest of justice." See Jeffrey W. Tayon, "The Federal Transfer Statute: 28 U.S.C. § 1631," 29 S. Tex. L. Rev. 189, 214 (1987). In light of the language of § 1631 and its purpose, the Sixth Circuit has held that the statute applies to federal courts identifying any jurisdictional defect, regardless of whether it involves personal or subject matter jurisdiction.

Without question, this § 2241 petition should have been filed in the Middle District Court of Pennsylvania, which has personal jurisdiction over Mr. West's custodian. Thus, this court cannot decline to transfer the case under § 1631 on grounds that no federal court would have jurisdiction. Therefore, the appropriateness of a § 1631 transfer turns on whether transfer would be in the interest of justice. Under the circumstances, this court will first 'peek at the merits' of this case, to determine whether transfer would ultimately prove futile. Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000)(court authorized to take a " 'peek at the merits' to avoid raising false hopes and wasting judicial resources resulting from transferring case which is clearly doomed.")

*28 U.S.C. §2241*
*Attacking a Conviction*

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may, however, bring a § 2241 claim challenging his conviction or imposition of sentence if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

The failure to obtain relief under 2255 does not establish that a petitioner's remedy is either inadequate or ineffective. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam). Further, courts have held that § 2255 is not inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

The burden is on the petitioner to allege or to demonstrate inadequacy or ineffectiveness. See Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003) . The standard is very high with respect to what a court will consider sufficient to allow a petitioner to bring a § 2241 petition to challenge a federal sentence. The only exception the Sixth Circuit has recognized must be based on actual innocence. See Chandler, 180 F.3d at 757; United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001)("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence"). " 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Martin, 319 F.3d at 804 (quoting in Bousley v. United States, 523 U.S. 614, 623 (1998)), "Actual innocence" in this regard means factual innocence, rather than mere legal insufficiency. Id.

Petitioner alleges he is being held pursuant to an illegal sentence because the United

-5-

States failed to establish a fourth element of Armed Bank Robbery at trial. By explanation, he concedes three of the four elements for his conviction were met. The remaining element, he believes has not been established because the witness at trial provided the wrong FDIC plaque. Clearly, petitioner's argument relies on his perception that his conviction was 'legally' insufficient. The argument does not rise to level of actual innocence. Thus, Mr. West has failed to establish that his §2255 remedy is inadequate or ineffective. Therefore, it is not in the interest of justice to transfer the petition.

This court will decline to construe this as a motion to vacate pursuant to 28 U.S.C. § 2255. The Sixth Circuit has cautioned, "[t]here are potentially serious consequences to recharacterizing a § 2241 petition as one being brought under § 2255 because once a petition is construed as being brought under § 2255, there are restrictions placed on a petitioner on filing a second or successive § 2255 petition." Woody v. Marberry, No. 05-1403, 2006 WL 1083941, at *4 (6th Cir. Apr. 25, 2006). With regard to pro se litigants in particular:

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)).

*Conclusion*

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          */s/Dan Aaron Polster 10/28/10*
                                           DAN AARON POLSTER
                                           UNITED STATES DISTRICT JUDGE